# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY EASTER, | : | Civil No. 1:25-CV-01077 |
| Petitioner, | : | |
| v. | : | |
| BRAD SHOEMAKER, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a petition filed pursuant to 28 U.S.C. § 2241 by Timothy Easter ("Petitioner"), a pretrial detainee currently incarcerated at Lycoming County Jail while awaiting the disposition of several criminal charges. (Doc. 1.) Petitioner has also filed a motion to proceed *in forma pauperis*. (Doc. 2.) For the reasons stated below, the court will grant Petitioner's motion to proceed *in forma pauperis*, dismiss the petition without prejudice, decline to issue a certificate of appealability, and direct the Clerk of Court to close the case.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner initiated this action by filing a Section 2241 petition, which was received and docketed by the court on June 13, 2025. (Doc. 1.) According to this petition, Petitioner is the Defendant in two separate criminal proceedings for multiple counts, include the manufacture, delivery of possession of a controlled substance and prohibited possession of a firearm: *Commonwealth v. Easter*, No.

1

CP-41-CR-0000302-2024 (Lycoming Cnty. Ct. Com. Pls.); *Commonwealth v. Easter*, CP-41-CR-0001027-2025 (Lycoming Cnty. Ct. Com. Pls.). (Doc. 1, p. 1.)[1] Petitioner alleges that there is a conflict of interest with his attorney and the confidential informant, that the officers involved fabricated a false drug guy to gain access to Petitioner, that he is unlawfully detained as the result of an illegal search and seizure, and officers involved in the case falsified statements. (*Id*., pp. 6–7.) Petitioner alleges that he has filed a private criminal complaint with the Lycoming County District Attorney's Office raising all these issues. (*Id*., pp. 2, 7.)

The court docketed the petition under 28 U.S.C. § 2254 because it concerns a case in state court. With the petition, Petitioner filed file a motion to proceed *in forma pauperis*. (Doc. 2.) On June 23, 2025, the court received and docketed Petitioner's certified prisoner trust fund account statement. (Doc. 5.)

The court will grant the motion to proceed *in forma pauperis* and screen the petition pursuant to Rule 4.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is housed at Lycoming County Jail, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## DISCUSSION

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970). Here, the court declines to exercise jurisdiction. Therefore, the court will dismiss the petition.

Because Petitioner is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. *See Glazewski v. United States*, No. 16-CV-3052, 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) (collecting cases). Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F.

App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).)

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670

(3d Cir. 2010). However, even if these requirements are met, *Younger* abstention is not appropriate if the federal petitioner can establish that "(1) the state court proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstance exists. . . ." *Id*. at 670 n.4.

It is evident from the state court electronic docket sheets and the contents of the habeas petition that Petitioner is engaged in ongoing criminal proceedings which implicate important state interests. At present, it appears that Petitioner is currently defending against the criminal counts brought against him and has posted bail. Potential conflicts of interest concerning defense counsel, allegedly invalid searches, alleged tampering of evidence, and alleged police officer misconduct can all be addressed in the state court in the course of Petitioner's criminal cases.

Petitioner has not raised the exceptions to abstention, including bad faith or extraordinary circumstance. The petition may imply bad faith since it alleges a conflict of interest on the part of the state-provided attorney and multiple pending complaints against officers in the case. (Doc. 1.) However, there are no allegations that the cases themselves were filed in bad faith or to harass Petitioner. Thus, there is no reason on this record to doubt the state court's ability to address the issues raised in the petition.

Accordingly, the § 2241 petition will be dismissed without prejudice to allow Petitioner to pursue state court remedies.

### CERTIFICATE OF APPEALABILITY

Because Petitioner is a state pretrial detainee, the court presumes that he requires a certificate of appealability ("COA") should he decide to appeal from this decision. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that unless a circuit justice or judge issues a COA, a petitioner may not appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"); *Reese v. Pennsylvania*, No. 19-cv-775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (concluding that COA requirement applies to Section 2241 petitions filed by state pretrial detainees); *see also Harris v. Pike Cnty. Corr. Facility*, No. 20-cv-962, 2021 WL 880477, at *3 (M.D. Pa. Mar. 9, 2021) (declining to issue COA as part of dismissal of state pretrial detainee's Section 2241 petition).

A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, considering the court has declined to exercise jurisdiction, it finds that jurists of reason would not find the disposition of this case debatable, and no COA will be issued.

## CONCLUSION

For the above stated reasons, the court declines to exercise jurisdiction and will dismiss the petition without prejudice.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 4, 2025